NAME  Loren Morgan

PRISON NUMBER  C-94621

CURRENT ADDRESS OR PLACE OF CONFINEMENT
P.O. Box 705, WA-346L
CTF-Soledad
CITY, STATE, ZIP CODE
Soledad, CA 93960

| 2354 | 1983 |
|---|---|
| FILING FEE PAID | |
| Yes____ No ✓ | |
| IFP MOTION FILED | |
| Yes____ No ✓ | |
| COPIES SENT TO | |
| Court ✓  ProSe | |

FILED

2008 APR 11  PM 3: 54

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Civil No. **'08 CV 0661 JAH NLS**
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

(FULL NAME OF PETITIONER)                    **PETITIONER**

Loren Morgan

v.

Ben Curry, Warden

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

The Attorney General of the State of
California, Additional Respondent.

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1.  Name and location of the court that entered the judgment of conviction under attack:

California Supreme Court
San Francisco California

2.  Date of judgment of conviction:  February 13, 2008

3.  Trial court case number of the judgment of conviction being challenged: CR68986

4.  Length of sentence:    15 Years to Life

CIV 68 (Rev. Dec. 1998)                    ::ODMA\PCDOCS\WORDPERFECT\22833\1



5. Sentence start date and projected release date:  Unknown

6. Offense(s) for which you were convicted or pleaded guilty (all counts):

    Aiding and Abetting Second Degree Murder

7. What was your plea? (CHECK ONE)
    (a) Not guilty
    (b) Guilty
    (c) Nolo contendere

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a) Jury
    (b) Judge only

9. Did you testify at the trial?
    Yes    No

**DIRECT APPEAL**

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    Yes    No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result:
    (b) Date of result, case number and citation, if known:

    (c) Grounds raised on direct appeal:

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result:
    (b) Date of result, case number and citation, if known:

    (c) Grounds raised:

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result:

    (b) Date of result, case number and citation, if known:

    (c) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

    Yes    No

**15.** If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number:  S155551

    (b) Nature of proceeding:  Habeas Corpus

    (c) Grounds raised:

        Due Process Violation by Boar
        Plea Breach

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        Yes  No

    (e) Result: _____

    (f) Date of result: _____

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

    Yes    No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number: Unknown

    (b) Nature of proceeding: _____ Habeas Corpus

    (c) Grounds raised:

    Due Process Violation and Plea Breach

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒No

    (e) Result: _____

    (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒Yes ☐No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: Unknown

    (b) Nature of proceeding: _____ Habeas Corpus

    (c) Grounds raised:

    Due Process and Plea Breach

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒No

    (e) Result: _____

    (f) Date of result: _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    Yes    No    (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed?
        (i) What was the prior case number? __02 cv 02300 DMS NLS__
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☒ Dismissed for procedural reasons?
        (iii) Date of decision: ___11/17/03___
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☒ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☒ No

<u>**CAUTION:**</u>

- <u>**Exhaustion of State Court Remedies:**</u> In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- <u>**Single Petition:**</u> If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- <u>**Factual Specificity:**</u> You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**:

                    Please see attached memo brief for arguments
                         (Attached are Grounds One and Two)

**Supporting FACTS** (state *briefly* without citing cases or law)

Did you raise <u>GROUND ONE</u> in the California Supreme Court?
        X̶Y̶e̶s    No.

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____ L. Morgan C-94621 _____, declare:

I am over 18 years of age and a party to this action. I am a resident of _____

_____ CTF-Soledad _____ Prison,

in the county of _____ Monterey _____,

State of California. My prison address is: _____ P.O. Box 705, Wa 346L, _____,

_____ Soledad, CA 93960-0705 _____

On _____ 3/27/2008 _____,
(DATE)

I served the attached: _____ Petition for writ of Habeas Corpus

_____ Challenging Due Process violations _____
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

Office of Attorney General
110 W. A Street # 1100
P.O. Box 85266
San Diego, CA 92186-5266
Criminal Law Division

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on __ 3/27/2008 __
(DATE)

_____
(DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)

::ODMA\PCDOCS\WORDPERFECT\22832\1

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

    X̶e̶s̶X̶    No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: ___ Superior Court of Monterey _____

    (b) Case Number: __ HC 6023 _____

    (c) Date action filed: 2/21/07 _____

    (d) Nature of proceeding: ___ Habeas Corpus _____

    _____

    (e) Grounds raised:

    ___ Due Process / Illegal Re-Characterizing of Sentence

    _____

    _____

    _____

    (f) Did you receive an evidentiary hearing on your petition, application or motion?

    ☐ Yes  ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes    XX No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes    XX No

    (a) If so, give name and location of court that imposed sentence to be served in the future:
    _____
    _____

    (b) Give date and length of the future sentence: _____
    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes    ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:
    3/27/2008 _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

3/27/2008 _____        _____
(DATE)                              SIGNATURE OF PETITIONER

CIV 68 (Rev. Dec. 1998)                    -11-                    ::ODMA\PCDOCS\WORDPERFECT\22833\1

L. Morgan, C-94621
C.T.F. - North
P.O. Box 705, WB-108L
Soledad, CA 93960-0705

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

L. MORGAN                    )        PETITION FOR WRIT OF
                             )        HABEAS CORPUS
          Petitioner         )
                             )
          v.                 )
                             )
A.P. KANE, Warden,           )
                             )
          Respondent.        )
_____)

     Comes now the Petitioner L. Morgan (hereinafter
Petitioner) to appeal the California Supreme Court's DENIAL
of petition of writ of habeas corpus after the Sixth (6th)
Denial of Parole from the Board of Prison Hearings which
took place on October 25, 2005 (see attached February 13,
2008 En Banc Order Denying petition for writ of habeas
corpus) and to secure and enforce reasonable application
of established law. The Petitioner strives to prove to this
Court how the Board violates the Petitioner's due process
rights and how the People of California for the County of

1

San Diego have, and continues to breach and violate their contractual plea agreement with the Petitioner.

In the Supreme Court's one sentence DENIAL it cites People v. Duvall (1995) 9 Cal.4th 464, 474; In re Miller (1941) 17 Cal.2d 734 without explanation.

The Petitioner states under the penalty of perjury that during the life-span of this petition the Petitioner has been transferred, forced to send out five(5) thirty(30) pound boxes of property (including legalwork), have endured institutional flooding which resulted in lost of paperwork, and went "out to court" to testify on behalf of the People of San Diego. The Petitioner respectfully requests that **this Court (please)** refer to all previously submitted Superior Court Exhibits as referenced below, for the Petitioner has lost referenced Exhibits.

CASE HISTORY

On about October 16, 1984, on the insistent advise of trial counsel and on the promises of the representative of the People of the City of San Diego, the Petitioner Plead guilty to Aiding & Abetting Second degree murder in exchange for what the Petitioner believe was a 15 year sentence that carried a 10 year minimum. See Superior Court Exhibit "C", April 2000 Letter from Trial Counsel. At the time of the plea agreement the Petitioner was 18 years old. The Petitioner's age is at issue with the understanding of the plea agreement (Petitioner had a 7th grade understanding). Please see In re Perez (1966) 53 Cal.Rptr 414.

2

GROUND ONE

THE BOARD HEARING VIOLATED THE PETITIONER'S DUE PROCESS
AND THE BOARD'S PAROLE DENIALIS SUPPORTED BY NO EVIDENCE

On October 25, 2005, the Petitioner appeared before
the Board of Prison Hearings (hereinafter Board), whereas
he was denied parole for the sixth time (See Superior Court
Exhibit "B" 2005 Hearing Transcripts). The Petitioner asserts
that at this 2005 Board Hearing he was denied his fundamental
due process rights because the Board continuously uses
unchanging factors about the Petitioner even after 21 years:

    1. The Commitment Offense (Exhibit "B" H.T. p.
      75).

The language that is used to deny Petitioner on his crime
re-characterizes his sentence beyond the plea agreement
"Aiding and Abetting Second Murder" to an extremely higher
degree, as described by Magistrate Judge Terry Hatter in
Kunkler v. Muntz, CV05-6473 (TJH-E)(2006)) where that Court
states: "the Governor have effectively converted Kunkler's
original sentence, one which provided for parole eligibility,
into a sentence for life in prison without the possibility
of parole. Kunkler's attempts at parole in the future, even
if he is determined to exhibit exemplary behavior, are
rendered meaningless. Kunkler has no hope for obtaining
parole unless the BPT (or Governor)
holds that his crime was not serious enough to warrant a
denial of parole. But since the seriousness of the crime
is undisputed, the possibility of parole in this case is

1  almost non-existent (citing Irons v. Warden, 358 F.Supp.2d

2  947 (E.D. Cal. 2005)(No.))..." What hope does the Petitioner

3  have if his crime is going to be used at, literally, every

4  hearing he participates in to deny his parole? This violates

5  the warning in Biggs v. Terhune, 334 F.3d 910, 914-915 (9th

6  Cir. 2003) where it states that a continual reliance on

7  the crime would result in a due process violation. If an

8  evidentiary hearing is granted the Petitioner can prove

9  that his crime was used to deny him parole at his 1st, 2nd,

10  3rd, 4th, 5th, and 6th parole consideration hearing. Surely

11  this is a violation of Biggs, supra. Also see Kring v.

12  Missouri (1883) 2 S.Ct. 443, 444, 107 US 221-224 and Green

13  v. United States (1957) 355 US 184, 190 7 S.Ct. 221-225:

14  ILLEGAL RE-CHARACTERIZING OF SENTENCE.

15    2. Their finding that the Petitioner lacks a sufficient

16    amount of self help therapy (See Superior Court Exhibit

17    "B" p. 30),

18  Petitioner expressed to the Board with physical evidence

19  that his music and writing is the source of his self help

20  therapy.

21    3. Their finding that the Petitioner is "unpredictable".

22  This is a statement by the Board that OVERRIDES the

23  Psychologist's favorable release analysis of the Petitioner.

24  See page 56 of Superior Court Exhibit "B" H.T., where the

25  Board states into the record that the doctor concludes that

26  Petitioner's "prognosis is positive for being able to

27  maintain his present gains in the community upon parole."

28  And, on page 57, "....If released to the community violence

1  potential is estimated to be no more than the average citizen

2  in the community." This satisfies the "public safety"

3  concerns of Cal. Penal Code section 3041(b) stated in the

4  Ninth Circuit's Hayward v. Marshal, (2008 DJDAR 93 at page

5  96) where it states: "For our purposes, then, "the test

6  is not whether some evidence supports the reasons the

7  Governor cites for denying parole, but whether some evidence

8  indicates a parolee's release unreasonably endangers public

9  safety." The ninth Circuit cites the spirit of In re scott,

10  133 Cal.App. 4th at 591:.... "the overarching consideration,

11  is 'public safety.'citing Cal. Penal Code sect. 3041 (b)."

12   On what evidence and authority the Board overrides the

13  PHD's analysis?

14       4.   Their finding that the Petitioner has a "unstable

15       social history.

16  The Petitioner can not change his social history, therefore

17  **this violates** Biggs, supra.

18       5.   Their finding that the Petitioner "has not been

19       participating in substance abuse programming".

20  An evidentiary hearing will prove that the Petitioner has

21  participated in substance abuse programming (A/A) for over

22  seven years (against his religious convictions).

23  Additionally, the Petitioner's psych-report states that

24  the Petitioner would benefit from a substance abuse program

25  when he is released. See Superior Court Exhibit "B" H.T.

26  p. 57.

27       6.   Their finding that the Petitioner has no (Board

28       approved) vocation, or marketable skills.

See Superior Court Exhibit "B" H.T. p. 77. The Petitioner

introduced three (3) feature-length movies, over ninety

(90) songs, a novel, numerous contacts (packet) regarding

shelters, rehabilitational homes, and numerous job

opportunities that his brother found for him (See Superior

Court Exhibit "G" BPT Presentation). Every transcribed

mention of Petitioner's Movies, Songs, or Novel has been

deemed "(indiscernible)" (see Exhibit "B" H.T. pages 24,

26, 27, 54, and Lines 1, 5, 7 of page 55).

Aren't "Writers", "Song Writers", and "Musicians" vocations

worthy of "Marketable Skills"?

    7.    Their findings that the Petitioner has not worked

on his own personal rehabilitation, moreover, that he needs

    to "...gain insight, in gaining in the ability to

function on the outside or in the even making parole plans."

See Superior Court Exhibit "B" H.T. p. 77. See Superior

Court Exhibit "R" Support Letter and proof of the

Petitioner's brother **close contact**. And, as for "...gain

insight, in gaining in the ability to function on the

outside; all the Board need to do is release the Petitioner

in order to make a legitimate statement regarding this

aspect.

    8.    And, finally, their findings that the Petitioner

    has stopped his programming.

See Superior Court Exhibit "B" H.T. p. 77. This statement

is a falsity. If the Petitioner stopped his programming

he would not be allowed to have his Television, Guitar,

Typewriter, and Walkman. He would be placed on "C-Status"

1  and all of the previous stripped away from him.

2                          PUBLIC SAFETY

3       The most important (according to the 9th Circuit) factor

4  to consider at the hearing is supposed to be 'public safety".

5  "Even though these suitability and unsuitability factors

6  are helpful in analyzing whether a prisoner should be granted

7  parole, California courts have made clear that the 'findings

8  that are necessary to deem a prisoner unsuitable for parole,'

9  Irons, 2007 WL 2927359, at *3, are not that a particular

10 factor or factors indicating unsuitability exist, but that

11 a prisoner's release will unreasonably endanger public

12 safety. In re Dannenberg, No. H030031, 2007 WL 3408290,

13 at *9 (Cal. Ct. App. Nov. 16, 2007), modified, 2007 WL

14 4227229 (Cal. Ct. App. Dec. 3, 2007); In re Lee, 143 Cal.

15 App. 4th 1400, 1408 (Cal. Ct. App. 2006); In re Scott, 133

16 Cal. App. 4th 573, 595 (Cal. Ct. App. 2005) see Cal. Penal

17 Code sect. 3041(b) (providing that the Board "shall set

18 a release date unless... consideration of the public safety

19 requires a more lengthy  period of incarceration for this

20 individual")." (Hayward v.Marshall, 2008 DJDAR 93 (No.

21 06-55392 D.C. CV-06-07239GAF(CT) U.S. Court of Appeals Ninth

22 Circuit)

23      Further, the Ninth Circuit aggressively states: "For

24 our purposes, then, 'the test is not whether some evidence

25 supports the reasons the Governor cites for denying parole,

26 but whether some evidence indicates a parolee's release

27 unreasonably endangers public safety. Some evidence of the

28

1  existence of a particular factor does not necessarily equate

2  to some evidence the parolee's release unreasonably endangers

3  public safety.' Lee, 143 Cal.App. 4th at 1408 (citations

4  and footnote omitted); see also In re Elkins, 144 Cal.App.

5  4th 475, 499 (Cal. Ct.App. 2006) (holding that the 'governor,

6  in reviewing a suitability determination, must remain

7  focused... on facts indicating that release currently poses

8  'an unreasonable risk of danger to society'' (citing Cal.App.

9  4th at 591 ('The factor statutorily require to be considered,

10  and the overarching consideration, is 'public safety.''

11  (citing Cal. Penal Code sect. 3041 (b)))." ...."We restated

12  this point in Irons, noting that 'in some cases, indefinite

13  detention based solely on an inmate's commitment offense,

14  regardless of the extent of his rehabilitation, will at

15  some point violate due process, given the liberty interest

16  in parole that flows from relevant California statutes.'

17  Irons, 2007 WL 2027359, at *6. 'The commitment offense can

18  negate suitability only if **circumstances** of the crime

19  reliably established by evidence in the record rationally

20  indicate that the offender will present an unreasonable

21  public safety risk if released from prison.' Scott, 133

22  Cal.App. 4th at 595." There is no evidence in the record

23  or off the record that shows that the Petitioner would pose

24  an unreasonable risk to the public safety if released from

25  prison. Not if you count writing a couple of bad songs.

26     THE BOARD IS MANDATED TO CONSIDER ALL RELEVANT EVIDENCE

27       Also, the Board is mandated to consider all relevant

28

1  evidence during the Petitioner's hearing. Yet, when the
2  Board reads into the record Petitioner's objections regarding
3  his plea agreement, the commissioner stated the lack of
4  concern of the Petitioner' Plea Agreement. See Superior
5  Court Exhibit "B" H.T. p. 7. This also violates the
6  Petitioner's due process rights and establish law set forth
7  by the U.S. Supreme Court and 9th Cir case law. Corbitt
8  v. New Jersey ((1978) 439U.S. 212, 223-224, 99 S.Ct 492,
9  58 L.Ed.2d 466, 476-477) establishes a difference between
10  a "Plea Agreement Sentence" an a "Guilt by jury Sentence".
11  It states that, "The system of plea bargaining permits a
12  proper amount of leniency in return for pleas, leniency
13  that is denied if one goes to trial. In this sense the
14  standard of punishment is necessarily different for those
15  who plead, that fact itself is a consideration that is not
16  present when one is found guilty by a jury." The Petitioner
17  has not been afforded this "Leniency or difference by the
18  Board. **Based on** the fact that the Petitioner was denied
19  three (3) years at his 5th hearing when he had twenty-one
20  (21) years of incarceration, the Petitioner's sentence has
21  in fact been converted to a Life Without Sentence by the
22  Board. This grossly violates the Petitioner's due process
23  rights, Cal. Penal Code section 1192.1 through 1192.8,
24  Santobello v. New York supra.
25
26
27
28

GROUND TWO

PREVIOUS PLEA BREACH WRIT

On 12/18/02, the Petitioner filed for writ of habeas corpus in this Court (case no. 02-cv-02300-DMS-NLS). The Petitioner's writ was based on Plea Breach by the People of San Diego, the Petitioner's county of commitment. An Order to Show Cause was issued by the Court. On 11/17/03, the Court DENIED the petition, STATING that because of the AEDPA One (1) Year Statute of Limitation the Petitioner filed his petition thirty (30) days too late. On 1/18/2008, Petitioner filed a petition for Re-Hearing based on newly found evidence that shows that the Court's 11/18/2003 Order was issued contrary to established Supreme Court law. On 1/23/2008, U.S. District Court Judge Sabraw issued an Order to REJECT the petition for Re-Hearing based on the Petitioner's Case being CLOSED as of 11/18/2003. Subsequently, the Petitioner filed a "60 (b) motion which was also REJECT on 3/3/08 (Please see Exhibit Attachments Orders.). These petition Rejections goes against all Plea Violation rulings and supports a major miscarriage of just.

DUE DILIGENCE

Since the 11/17/2003 Order to DENIED the Petitioner's petition, the Petitioner has been exercising due diligence in between other court cases ("Late to the Board" habeas (Northern District Court no. C062178 MHP (PR)) and "Parole Denial" (State Supreme Court no. S155551) (These orders are not available due to institutional flooding and transfer)

1  to prevail in his Plea Breach case. The result of this is

2  the Petitioner has the right to now Re-Challenge the Court's

3  2003 Order to CLOSE the Petitioner's case.

4      The Petitioner now argues that when the 2003 Court issued

5  it's Order it committed legal error by following the

6  Antiterrorism and Effective Death Penalty Act's (28 U.S.C.

7  Section 2244 (d)) (AEDPA) One (1) Year Time Limit instead

8  of the California Code of Civil Procedure's (CCCP) Four

9  (4) Year Time Limit. Petitioner asserts and argues that

10  the Court's judgment CLOSING Petitioner's case was improper

11  and was an unreasonable application of federal law under

12  the reasoning of BUCKLEY v. TERHUNE (9th Cir. 2006) no.

13  03-55045 D.C. cv-00-02435-JSL), were it states: "The state

14  court's failure to interpret Buckley's plea agreement

15  according to California contract law resulted in a decision

16  that was contrary to established Supreme Court law as set

17  forth in Santobello v. New York, 404 U.S. 257 (1971), and

18  Rickets v. Adamson, 483 U.S. 1 (1987)." (id at p. 2614)

19  See also United States v. De La Fuente, 8 F.3d 1333, 1337

20  (9th Cir. 1993), where it states: "Plea agreements are

21  contractual in nature and are measured by contract law

22  standards." The Court's 2003 Order was improperly issued

23  because it was not issued in the meaning of Contract law

24  standards, which means the use of the **California** Code of

25  Civil Procedure section 337 (see attached copy of the CCCP

26  section 337), or section 339. If the Court's Order had been

27  issued in the meaning of "Contract Law Standards" the Court

28

1  would not have ruled according to the AEDPA's One (1) Year

2  Statute of Limitation (that the Petitioner had filed Thirty

3  (30) Days late).

4                    CONTRACT LAW STANDARDS

5      The standard for contract law in California is the

6  California Code of Civil Procedure. Nowhere in the Court's

7  2003 Order does it cite any portion of the California Code

8  of Civil Procedure. Section 337 (3.) of the CCCP, states

9  in relevant parts:  "Four years; written contract;...."

10  "....rescission of written contract". "An action based upon

11  the rescission of a contract in writing. ... Where the ground

12  for rescission is fraud or mistake, the time does not begin

13  to run until the discovery by the aggrieved party of the

14  facts constituting the fraud or mistake."

15      Why was the "AEDPA" used as a measuring tool to decide

16  the Petitioner's "Plea" case when the United States Supreme

17  Court has ruled that "Contract Law Standards" are to be

18  used? Petitioner argues "Contract Law Standards" were not

19  used in deciding to CLOSE THE CASE of the Petitioner's 2003

20  petition even though it was bound by the U.S. Supreme Court

21  to do so. This created an injustice and resulted in the

22  Court rendering a decision that constituted a clear

23  error within the meaning of Santobello v. New York, supra;

24  Rickets v. Adamson, supra; U.S. v. De La Fuente supra.

25      The Petitioner challenges and asserts that:  Any ORDER

26  that REFUSES to base a "Plea Violation" ground ruling on

27  the California Code of Civil Procedure section 337 or 339,

28

which is the very core and the totality of "Contract Law
Standards" as referred to by the U.S. Supreme Court, SHATTERS
the very fundamental elements and principles of the Supreme
Court's ruling in SANTOBELLO, supra, and subsequently the
Petitioner's U.S. Constitutional right to equal protection.
The former Order becomes ARBITRARY. How can, and why would
a court rule that it is okay to DISREGARD and IGNORE the
Supreme Court's Contract Law Standards Order in the
Petitioner's Plea Violation claim/ground unless the ruling
is arbitrary?

The Petitioner is baffle at the past ruling disregarding
SANTOBELLO and begs this Court's explanation if it rules
in favor of the 2003 Order denying the Petitioner's petition
based on the AEDPA one year statute on limitation (which
is state habeas procedures) instead of the California Code
of Civil Procedure's four year statute of limitation (which
is California Contract Law Standards).

2.    Appoint Counsel for the Petitioner;

3.    Grant any and everything else this Court finds correct and just in the interest of justice;

Submitted this 27th day of March at CTF-Soledad, in the County of Monterey.

Loren Morgan,
Petitioner in pro per

## CONCLUSION

WHEREFOREE, the Petitioner prays that this Court GRANTS his Petition for writ of habeas corpus for the following reasons:

1.    Because this Court finds that the "The Board did not have any evidence to support the Petitioner's denial of parole, violating his Due Process rights," and, that "The Petitioner has served an excess of Nine Years past his Legal sentence of Aiding and Abetting Second Degree Murder, and has serve the High-Mid Range of a *First Degree Murder Sentence*," and Orders the Petitioner's prompt release from the custody of the Board of Prison Hearings and California Department of Corrections and Rehabilitation, without the confines of parole;

2.    Because this Court finds that "The *2003 Order* Denying the Petitioner's petition for writ of habeas corpus was issued in error because the decision was not based on Contract Law Standards (California Code of Civil Proceedure Section 337 Contract Breach / Contract Fraud, etc.) as mandated by the Unites States Supreme Court in *Santobello, supra.*, resulting in a miscarriage of justice and Orders the Petitioner's prompt release from the custody of the Board of Prison Hearings and California Department of Corrections and Rehabilitation."

## PRAYER FOR RELIEF

1.    Ordering an Evidentrary Hearing on the assertions stated herein;

S155551

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re LOREN MORGAN on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474; *In re Miller* (1941) 17 Cal.2d 734.)

SUPREME COURT
FILED

FEB 1 3 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254    1983

FILING FEE PAID

FILED

**I (a) PLAINTIFFS**

Loren Morgan

FILING FEE PAID
Yes ☐  No ☑

IFP MOTION FILED
Yes ☐  No ☐

COPIES SENT TO:

Court ☐ Pro Se

2008 APR 11  PM 3: 54

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

Ben Curry

**DEFENDANTS**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Monterey
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Loren Morgan
PO Box 705
Soledad, CA 93960
C-94621

**ATTORNEYS (IF KNOWN)**

'08 CV 0661 JAH NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)     FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | |
|  |  |  | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment. of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☑ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☑ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:

JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    April 11, 2008

SIGNATURE OF ATTORNEY OF RECORD

R.Morgan