1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  LOREN MORGAN,                          Civil No.   08-0661 JAH (NLS)
12
                            Petitioner,    **ORDER TRANSFERRING ACTION**
13                                         **TO UNITED STATES DISTRICT**
        vs.                                **COURT FOR THE NORTHERN OF**
14                                         **CALIFORNIA**
    BEN CURRY, Warden
15
                            Respondent.
16

17      Petitioner is a state prisoner proceeding with a habeas corpus action filed pursuant to
18  28 U.S.C. § 2254 attacking a determination of the Board of Prison Terms.  Upon reviewing the
19  petition, the Court finds that this case should be transferred in the interest of justice.
20      A petition for writ of habeas corpus may be filed in the United States District Court of
21  either the judicial district in which the petitioner is presently confined or the judicial district in
22  which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*
23  *Circuit Court*, 410 U.S. 484, 497 (1973).  The application in the present matter attacks the denial
24  of parole after a hearing which took place in 2005, and occurred in Soledad, California, which
25  is within the jurisdictional boundaries of the United States District Court for the Northern
26  District, Division.  *See* 28 U.S.C. § 84(a).  Moreover, Petitioner is presently confined at the
27  / / /
28  / / /

1 Correctional Training Facility, which is located in Monterey County and is within the
2 jurisdictional boundaries of the United States District Court for the Northern District of
3 California. *See* 28 U.S.C. § 84(a). Thus, jurisdiction exists in the Northern District; and not in
4 the Southern District.

5 Although this Court does not have jurisdiction over the action, "[u]nder a provision of the
6 Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
7 jurisdiction the court shall transfer the action to any other such court in which the action could
8 have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th
9 Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
10 has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
11 be in the interest of justice because normally dismissal of an action that could be brought
12 elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting
13 *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,
14 this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
15 § 2241(d).

16 When a habeas petitioner is challenging a parole determination, the district court of the
17 district in the hearing was held is a more convenient forum because of the accessibility of
18 evidence, records and witnesses. Thus, it is generally the practice of the district courts in
19 California to transfer habeas actions challenging a parole determinations to the district in which
20 the Petitioner the hearing was held. Any and all records, witnesses and evidence necessary for
21 the resolution of Petitioner's contentions are more readily available in Monterey County, which
22 is thus a more convenient forum. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can,
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1 of course, transfer habeas cases to the district of conviction which is ordinarily a more
2 convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

3      Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court
4 transfer this matter to the United States District Court for the Northern District of California.
5 *See* 28 U.S.C. § 2241(d).  **IT IS FURTHER ORDERED** that the Clerk of this Court serve a
6 copy of this Order upon Petitioner and upon the California Attorney General.

8 DATED:  May 30, 2008

10      JOHN A. HOUSTON
         United States District Judge